Kimmel & Silverman, P.C.
1930 East Marlton Pike, Suite Q29
Cherry Hill, NJ 08003
Telephone: (856) 429-8334
Attorney of Record: Amy Bennecoff (AB0891)
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **IVETTE VELEZ,** | Case No.: |
| Plaintiff, | |
| v. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| **KOHL'S DEPARTMENT STORES, INC.,** | |
| Defendant. | **(Unlawful Debt Collections Practices)** |

## COMPLAINT

IVETTE VELEZ ("Plaintiff"), by and through her counsel, Kimmel & Silverman, P.C., alleges the following against KOHL'S DEPARMENT STORES, INC. ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the Commonwealth of Pennsylvania and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Mount Royal, New Jersey 08061.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a corporation with its principal place of business located at N56 West, 17000 Ridgewood Drive, Menomonee Falls, Wisconsin 53051.

8. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number that she has had for over a year.

11. Plaintiff has only used this number as a cellular telephone number.

12. The phone number has been assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls.

13. Beginning in and around November 2014 and continuing through February 2014, Defendant called Plaintiff on her cellular telephone on a repetitive and continuous basis.

14. Defendant called Plaintiff from numbers including, but not limited to, (903) 593-8790.

15. When contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system and automatic and/or pre-recorded messages. On some occasions when Plaintiff answered Defendant's calls, she was greeted by a computerized voice.

16. Defendant's automated messages identified its company name as the caller.

17. Defendant's telephone calls were not made for "emergency purposes."

18. In November 2014, Plaintiff revoked any consent previously given to Defendant to place telephone calls to her cellular telephone number.

19. Defendant heard and acknowledged Plaintiff's revocation of consent and demand to stop calling her cellular telephone number.

20. Despite the above, Defendant persisted in calling Plaintiff on her cellular telephone for several weeks.

## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

21. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

22. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using a prerecorded voice.

23. Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

24. Defendant's calls to Plaintiff were not made for emergency purposes.

25. Defendant's calls to Plaintiff after November 2014 were not made with Plaintiff's prior express consent.

26. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

27. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

28. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, IVETTE VELEZ, respectfully prays for judgment as follows:

a. All actual damages suffered pursuant to 47 U.S.C. §227(b)(3)(A);

b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3)(B);

c. Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

d. Injunctive relief pursuant to 47 U.S.C. §227(b)(3); and

e. Any other relief deemed appropriate by this Honorable Court.

### **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, IVETTE VELEZ, demands a jury trial in this case.

## **CERTIFICATION PURSUANT TO L.CIV.R.11.2**

I hereby certify pursuant to Local Civil Rule 11.2 that this matter in controversy is not subject to any other action pending in any court, arbitration or administrative proceeding.

Respectfully submitted,

Dated: May 29, 2015    By: /s/ Amy L. Bennecoff
　　　　　　　　　　　　Amy L. Bennecoff, Esquire
　　　　　　　　　　　　Kimmel & Silverman, P.C.
　　　　　　　　　　　　1930 East Marlton Pike, Suite Q29
　　　　　　　　　　　　Cherry Hill, NJ 08003
　　　　　　　　　　　　Phone: (856) 429-8334
　　　　　　　　　　　　Facsimile: (877) 788-2864
　　　　　　　　　　　　Email: aginsburg@creditlaw.com